UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID P. FLICK,

        Plaintiff,

v.

Case No. 1:09-cv-647

Hon. Robert J. Jonker

SEETHA VADLAMUDI, M.D., *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on plaintiff's "Motion to substitute Benjamin Scarff, D.O." (docket no. 24).

**I.    Discussion**

Plaintiff filed a civil rights complaint on May 27, 2009, naming 10 defendants. *See* docket no. 1. One of the defendants, Benjamin Scarff, D.O., died on April 27, 2009, one month before plaintiff filed this action. *See* defendants' "Notice of death of Benjamin Scarff, D.O. pursuant to Fed. R. Civ. P. 25(a)" (docket no. 18). Plaintiff's motion seeks to substitute Dr. Scarff's Estate, or the doctor's former supervisors, in the place of Dr. Scarff. Plaintiff relies on Fed. R. Civ. P. 25(a)(1), which provides in pertinent part as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Plaintiff's motion is without merit.

Dr. Scarff was not a party to this action, having died one month before plaintiff filed the complaint. "Substitution is not possible if one who was named as a party in fact died before the commencement of the action," because Rule 25 "presupposes that substitution is for someone who was a party to a pending action." 7C Wright, Miller & Kane, Federal Practice and Procedure, Civil 3rd § 1951, p. 651 (2007). *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (Because Rule 25 "contemplates substitution for someone who had been made a party before his death," substitution under rule is not available where the defendant died a few months before the plaintiff filed the action); *Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga.1970) ("Rule 25 applies only if, *after the action is instituted*, a party dies, becomes incompetent, or transfers his interest, or if a public officer who is a party is succeeded in office by someone else") (emphasis added). Accordingly, plaintiff's motion for substitution should be denied.

**II.     Recommendation**

For the reasons set forth above, I respectfully recommend that plaintiff's motion to substitute (docket no. 24) be **DENIED** and that this action be terminated as to defendant Benjamin Scarff, D.O.


Dated: July 16, 2010                                          /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).