UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FLICK,

    Plaintiff,

v.

CASE NO. 1:09-CV-647

HON. ROBERT J. JONKER

SEETHA VADLAMUDI, *et al.*,

    Defendants.
_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 107), Plaintiff's Objections to it (docket # 117), and Defendants Correctional Medical Services, Inc., DeMasi, Hammond and Holmes' Response (docket # 123). The Court has also reviewed Plaintiff's Motion for Leave to File Supplemental Complaint (docket # 119) and Defendants' Responses (docket # 121 and # 122).

### **Report and Recommendation**

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants Correctional Medical Services, Inc. (CMS), DeMasi, Hammond and Holmes's motion to dismiss (docket # 46) and Defendants Vadlamudi, Pandya, Manzardo, Sizer and Ayers's motion for summary judgment (docket # 38) be granted and the case be dismissed. The Report and Recommendation likewise recommends that Plaintiff's motions for preliminary injunctions (docket # 76 and # 93) be denied. Plaintiff raises a number of objections, but none of the objections undermine the conclusions of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendants' motions to dismiss and for summary judgment be granted, and that Plaintiff's motions for preliminary injunctions be denied.

Plaintiff brought suit under 42 U.S.C. § 1983 against ten defendants, alleging that each defendant violated both state tort law and Plaintiff's rights under the Eighth Amendment.[1] Plaintiff's claims revolve around the treatment of his headaches by the various Defendants from 2006 until 2009. The Magistrate Judge grounded his recommendation for dismissal of all claims against all Defendants based on a variety of both procedural and substantive grounds applicable to particular Defendants, and on one ground common to all Defendants: namely, Plaintiff's failure to state a valid claim of deliberate indifference under the Eighth Amendment. Plaintiff objects to each recommendation.

---

[1] Defendant Benjamin Scarff, D.O. died one month prior to the filing of the complaint (docket # 18), and he was dismissed from the case (docket #106).

The Court agrees with the Magistrate Judge's recommendation that Plaintiff has failed to state a cognizable Eighth Amendment claim. This is fatal to all Plaintiff's federal claims against all Defendants, and there is no reason to address the other grounds for the Report and Recommendation, and Plaintiff's objections to those grounds. Plaintiff's federal claims must be dismissed for the basic reason stated by the Report and Recommendation: Plaintiff disputes the quality and type of medical care Defendants chose to provide, but he fails to articulate a case of deliberate indifference to serious medical need. To the contrary, by Plaintiff's own admissions, Defendants responded to his medical complaints. Plaintiff simply disputes some of the medical judgments they made. This is not an Eighth Amendment problem.

To prove a violation of the Eighth Amendment right to be free from cruel and unusual punishment, an inmate must prove that he suffers from a sufficiently serious deprivation and that prison officials are deliberately indifferent to his medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Even assuming Plaintiff's headaches qualify as a sufficiently serious deprivation, Plaintiff has not established the second prong as to any of the Defendants. When an inmate alleges denial of adequate medical care, the deliberate indifference standard "is meant to prevent the constitutionalization of medical malpractice claims." *Dominiguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Questions of medical judgment do not fall under the rubric of deliberate indifference. *See Estelle*, 429 U.S. at 107; *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) ("where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law") (citing *Westlake v. Lucas*, 537 F.2d 857,

860, n.5 (6th Cir. 1976)). Thus, "an inadvertent failure to provide adequate medical care," including negligence and other state tort law claims, is insufficient to establish deliberate indifference. *Estelle*, 429 U.S. at 105. Instead, an inmate must show that prison officials recklessly disregarded a substantial risk of serious harm. *See Dominguez*, 555 F.3d at 550; *Phillips v. Roane County*, 534 F.3d 531, 540 (6th Cir. 2008).

Plaintiff has not established that any of the Defendants recklessly disregarded a substantial risk to his health. In his complaint and objections to the Report and Recommendation, Plaintiff disputes the adequacy of the medical treatment he received and the judgment of the numerous medical professionals who treated him. Plaintiff concedes in his objections to the Report and Recommendation that he has received treatment for the last three years, including antibiotics, nasal spray, and a CT scan. Defendants' treatment of Plaintiff, as outlined in the complaint, is in fact quite extensive: prescriptions for Zomig, Elavil, Cafergot, Inderal, nasal spray, and antibiotics, consults with a neurologist and an Ear, Nose and Throat (ENT) specialist, CT scans, x-rays, and an MRI, as well as numerous medical appointments.[2] Clearly, Plaintiff has been receiving medical treatment from the Defendants. That Plaintiff does not agree with the treatment does not establish that Defendants are deliberately indifferent to Plaintiff's headaches.

Even if Plaintiff could prove Defendants were negligent in providing him medical treatment, he cannot transform that assessment into proof of Defendants' reckless disregard for his health. On the contrary, Plaintiff has shown that he consistently received medication, has had numerous physical examinations, and has been referred for additional testing and consults with specialists. This

---

[2] Plaintiffs' medical treatment, taken from his 230-paragraph complaint, is aptly described in the Report and Recommendation, p. 2-12 (docket # 107).

treatment may not have been exactly what Plaintiff wanted, but it was an adequate response to his medical complaints for Eighth Amendment purposes. Plaintiff's federal claims must be dismissed with prejudice.

Because Plaintiff's claims alleging violations of the Eighth Amendment must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(1). Plaintiff's state law claims are thus dismissed without prejudice. Further, Plaintiff's second and third motions for preliminary injunctions are dismissed as moot given the dismissal of all claims.

**Motion for Leave to File Supplemental Complaint**

On September 3, 2010, Plaintiff moved for leave to supplement the complaint to include facts occurring after the filing date of the complaint. Plaintiff's motion seeks to address the recommendation in the Report and Recommendation that all allegations made after the filing of the complaint should not be considered.

Although a district court has leave to grant or deny a motion to supplement the complaint, the court must provide justification if the motion is denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment is one such justification. *See id.*; *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). In this case, Plaintiff's proposed amendments are futile, since the supplemental complaint establishes that Plaintiff has continued to receive medical care. Plaintiff's disagreements with that treatment, including the timeliness of his prescription refill and the need for referrals to a doctor and ENT specialist, fail to state Eighth Amendment claims because such disagreements do not establish deliberate indifference under the Eighth Amendment. Moreover, to the extent that Plaintiff makes new allegations in his supplemental complaint, Plaintiff may be required to exhaust

such claims under the Michigan Department of Corrections' grievance policy. *See Utley v. Campbell*, 84 Fed. Appx. 627, 629 (6th Cir. 2003) (inmate must first exhaust administrative remedies prior to adding new claims to a complaint).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 9, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that:

1. The motion for summary judgment filed by Defendants Vadlamudi, Pandya, Manzardo, Sizer and Ayers (docket # 38) is **GRANTED**.

2. The motion to dismiss filed by Defendants Correctional Medical Services, Inc., DeMasi, Hammond, and Homes (docket # 46) is **GRANTED**.

3. The motions for preliminary injunction (docket # 76 and # 93) are **DISMISSED AS MOOT**.

4. The motion for leave to supplement the complaint (docket # 119) is **DENIED**.

5. For the same reasons the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   September 28, 2010         /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE